FRANK O. PYYNY *vs.* LOOSE-WILES BISCUIT COMPANY.

Worcester.    September 23, 1925. — November 23, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Agency*, Scope of employment.

At the trial of an action of tort for damages resulting from a collision with an automobile of the defendant driven by a travelling salesman in the defendant's employ, the salesman testified that "he had no regular hours to work; his time is his own and the trade that he can see any time at all during the twenty-four hours a day, he tries to see them"; that he owned the automobile that was in the collision and used it in his business as travelling salesman; that his sole business was to sell biscuits for the defendant; that he was paid a salary and commission and the expense of operating the car; that he always carried a sample case and advertisements in the back of his automobile and they were in the car at the time of the accident. It appeared that previous to the collision the salesman had attended a picnic, had gone from there to "a weekly sales meeting" in another city, after which, with a friend he had found at the picnic, he started to return to the picnic, and that on this last journey the collision occurred; that "he did selling until he got to the" picnic; that he "was going back to see some of his trade"; that "he didn't have an appointment with any one in particular . . . didn't expect to see any individual but as a whole, expected to see some of his trade there; he intended to do business with them if he could see them." *Held*, that the travelling salesman was his own master with respect to the management and control of the automobile, and that judgment must be entered for the defendant.

TORT for damages to an automobile resulting from a collision between it and an automobile alleged to have been driven by one Leonard A. Bancroft, as the defendant's employee.    Writ dated December 3, 1923.

In the Superior Court, the action was tried before *Fosdick*, J.    Material evidence is described in the opinion.    At the close of the evidence, the defendant moved for a verdict

in its favor.  The motion was denied.  The jury found for the plaintiff in the sum of $300.  The defendant alleged exceptions.

*S. B. Milton*, (*C. C. Milton* with him,) for the defendant.

*C. F. Baker, E. W. Baker, & R. W. Robbins*, for the plaintiff, submitted a brief.

PIERCE, J.  This is an action of tort to recover damages to the automobile of the plaintiff, caused by a collision with an automobile driven by one Bancroft.  It is admitted that Bancroft, as a travelling salesman, was in the general employment of the defendant.  It is also "admitted that Bancroft was negligent and that the plaintiff was careful."

The sole issue raised by the exceptions, taken by the defendant to the refusal of the trial judge to direct a verdict for the defendant, "is whether or not at the time of the accident said Bancroft was operating the automobile in the course of his employment as a salesman of the defendant under such circumstances that the defendant is liable for his negligence at that time."

Upon the question of the legal relationship between Bancroft and the defendant, the facts in their aspect most favorable to the plaintiff, taken from the examination and cross-examination of Bancroft, in substance are that he had been a travelling salesman for the defendant company since August, 1923, and was such at the trial in March, 1925; that "he had no regular hours to work; his time is his own and the trade that he can see any time at all during the twenty-four hours a day, he tries to see them"; that he owned the automobile that was in the collision and used it in his business as travelling salesman; that his sole business was to sell biscuits for the defendant; that he was paid a salary and commission and the expense of operating the car; that he always carried a sample case and advertisements in the back of his Ford coupe car and they were in the car at the time of the accident.

It further appeared, in substance, that about one o'clock on the day of the accident he drove from Leominster to an Elks' Field Day picnic at Fort Pond, in Lancaster, and remained there until around four o'clock, when he went to a weekly sales meeting in Fitchburg; that after the sales meet-

ing, about quarter to five, he started in the car, with a friend whom he had found at the picnic, to return to Fort Pond; and that the accident happened on the road between Lunenburg and the pond at Lancaster. It further appeared, in substance, that "he did selling until he got to the Field Day"; that he "was going back to see some of his trade"; that "he didn't have an appointment with any one in particular . . . didn't expect to see any individual but as a whole, expected to see some of his trade there; he intended to do business with them if he should see them."

On the above facts it is plain Bancroft was his own master in respect to the time he should devote to the business of the defendant, and to the place within certain designated territory where he should solicit sales. It is also plain that it was his duty and not that of the defendant to register the automobile and obtain a license to operate it. The defendant had no right on the reported facts to direct the manner in which Bancroft should control his car. It assumed no obligation to keep the car in repair other than is involved in its agreement to pay the expense of operating it, or, as the plaintiff puts it in his brief, to pay "so much per mile for the number of miles that he [Bancroft] operated said car for them in connection with his employment." In principle the case is governed by *Shepard* v. *Jacobs*, 204 Mass. 110, and the cases therein collected. See also *Centrello's Case*, 232 Mass. 456, and cases cited.

The exceptions must be sustained and judgment entered for the defendant.

*So ordered.*