MAY E. SMITH *vs.* E. FREEDMAN & another.

FRANK E. SMITH *vs.* SAME.

Essex.    May 20, 1929. — June 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Statute,* Construction. *Agency,* Scope of authority. *Negligence,* Motor vehicle. *Motor Vehicle. Evidence,* Presumptions and burden of proof.

The mere fact that § 3 of St. 1928, c. 317, which added § 85A to G. L. c. 231, provided that the statute should become operative on September 1, 1928, was not controlling in determining whether the new section applied to all actions coming on for trial after it became operative, irrespective of the time when the cause of action arose or the action was begun.

The general rule as to the interpretation of statutes dealing only with evidence in civil cases is that in the main they are remedial and should

be construed liberally in order to effectuate that purpose, and that they are applicable to all causes coming on for trial after they become operative, whether the cause of action arose before, or after, and whether the writ was brought before, or after, that date, unless a contrary legislative design is plainly expressed.

Section 85A, added to G. L. c. 231, by St. 1928, c. 317, applied at the trial in January, 1929, of an action of tort for personal injuries received in November, 1926, in a collision with a motor truck registered in the name of the defendant as owner; and at such a trial it was proper for the judge to instruct the jury that the burden was upon the defendant to prove that his employee was not engaged upon the defendant's business.

Two ACTIONS OF TORT. Writs dated December 29, 1926.

In the Superior Court, the actions were tried together before *McLaughlin*, J. Material evidence and rulings and instructions by the trial judge are stated in the opinion. There were verdicts for the plaintiffs, respectively, in the sums of $2,500 and $1,000. The defendants alleged exceptions.

*S. Parsons*, for the defendants.

*R. L. Sisk*, for the plaintiffs.

CROSBY, J. The first action is to recover for personal injuries caused by a collision between the defendants' truck, which was duly registered by them as owners, and an automobile in which the plaintiff May E. Smith (herein referred to as the plaintiff) was riding as a guest. The second action is brought by her husband to recover for consequential damages. The writ in each action was dated December 29, 1926.

There was no evidence relating to the question whether the driver of the truck at the time of the accident was acting within the scope of his employment, other than the answers of the defendant Freedman to interrogatories propounded by the plaintiff. At the close of the evidence the defendants filed a motion that a verdict be directed in their favor, on the ground that there was no evidence that the driver of the truck was upon the master's business. The trial judge denied the motion and instructed the jury that the burden was upon the defendants to prove that their employee was not upon their business. To the denial of the motion and to the instruction given the defendants excepted.

The principal question presented is whether St. 1928, c. 317, applies to cases pending when it went into effect. The statute is entitled "An Act to facilitate the recovery of damages in certain motor vehicle accident cases." The pertinent parts of the statute are as follows: "Section 1. Chapter two hundred and thirty-one of the General Laws is hereby amended by inserting after section eighty-five the following new section:— *Section 85A.* In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant. . . . Section 3. This act shall become operative on September first of the current year."

The act was approved May 11, 1928. The accident occurred on November 6, 1926. The cases were tried in January, 1929. It is a general rule of interpretation that all statutes are prospective in their operation, unless an intention that they shall be retroactive appears by necessary implication from the language used, or the object sought to be accomplished. It was said in *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, at page 3, "Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." The statute in question does not purport to change the substantive law of negligence in any manner whatever. It merely shifts the burden of proof from the plaintiff to the defendant and requires the latter to prove that at the time of the collision or accident the person operating the motor vehicle was not engaged in

the business of the employer. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, and cases cited. The statute does not impair or modify the fundamental rights of a defendant, who is at liberty to overcome the *prima facie* evidence created by the statute by other evidence. *Holmes* v. *Hunt*, 122 Mass. 505. *Reitler* v. *Harris*, 223 U. S. 437, 442. *Luria* v. *United States*, 231 U. S. 9. *Easterling Lumber Co.* v. *Pierce*, 235 U. S. 380. The effect of the statute is that if the defendant denies responsibility for the acts of his employee on the ground that at the time of the accident or collision the latter was not engaged in the employer's business, it is an affirmative defence which must be set up in the answer and proved by the defendant. The statute is analogous in this respect to G. L. c. 231, § 85, commonly known as the due care statute.

The real question is whether the statute is applicable to cases coming on for trial after September 1, 1928, or only to those in which the cause of action arises after that date. It is manifest from the analysis of the statute that it relates merely to the burden of proof. That is a matter of evidence alone in an ordinary case. The circumstance that by § 3 the statute becomes operative on a specified date in the future has no relevancy to the scope or effect of the statute after it has become operative. The general rule, in civil cases at least, as to the interpretation of statutes dealing only with evidence, is that in the main they are remedial and should be construed liberally in order to effectuate that purpose, and that they are applicable to all causes coming on for trial after they became operative, whether the cause of action arose before, or after, and whether the writ was brought before, or after, the statutes became operative, unless a contrary legislative design is plainly expressed. *Brooks* v. *Holden*, 175 Mass. 137, 139. *Stocker* v. *Foster*, 178 Mass. 591, 603. *Hall* v. *Reinherz*, 192 Mass. 52. *Woodvine* v. *Dean*, 194 Mass. 40, 43. *Devine's Case*, 236 Mass. 588, 594. *Easterling Lumber Co.* v. *Pierce, supra.* See also *Paraboschi* v. *Shaw*, 258 Mass. 531, 533; *Hollingsworth & Vose Co.* v. *Recorder of Land Court*, 262 Mass. 45, 47. Since the statute is one relating solely to evidence and the conduct of trials in court, the question for decision accurately stated is,

whether it is applicable to all cases or only to a restricted class of cases falling within the scope of its language and coming on for trial after it becomes operative, and not whether it is retroactive or prospective in effect.  As the statute is one relating to the conduct of trials and not to substantive rights, it is of no consequence whether it takes effect upon its passage, or in accordance with G. L. c. 4, § 1, or with art. 48 of the Amendments to the Constitution, the Referendum, Parts I, II, III, or at some other specified date.

It follows that the trial judge rightly denied the defendants' motion for a directed verdict, and correctly ruled that the burden of proof rested upon the defendants to show that the driver of the truck was not engaged in the defendants' business at the time of the accident.

In each case the exceptions are overruled.

*So ordered.*