## MAYTNIER v
## AMERICAN ROLLING MILL CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2672.   Decided Oct 24, 1936

Charles F. Scanlon, Akron, for appellant.
B. B. Bridge, Columbus, and Scott H. Ray, Cincinnati, for appellee.

## OPINION

By HORNBECK, J.

This was an action by the appellant, the plaintiff below, for damages for personal injuries.

We refer to the appellant as the plaintiff and the appellee as the defendant.

The plaintiff was on the night of November 26, 1933, riding as a passenger in an automobile on Route 3, near Washington C. H., Ohio. This automobile had come to a stop off the northerly side of the paved portion of the highway facing in a westerly direction. A truck was standing to the west of the automobile in which plaintiff was riding and on the opposite side of the road. John W. Bryant was driving his automobile in an easterly direction on Route 3 and so operated his car as to collide with the automobile in which plaintiff was riding causing her to suffer injury. Bryant was in the employ of defendant as an auditor, his work requiring his services at various places in Middletown and occasionally at other places where the defendant maintained offices. On the night of the accident he was on his way from Middletown to Butler, Pennsylvania, and was driving his own automobile to Columbus, Ohio, from where he intended to take a train for Butler. He had driven to Columbus so that he might get home upon his return trip sooner than if he had waited for train connection at Columbus.

The petition of plaintiff averred that Bryant, at the time of the accident was the agent of defendant acting within the scope of his authority and about the business of his principal, and that plaintiff suffered injuries because of the negligence of Bryant in the operation of his automobile.

On the trial of the cause at the conclusion of the testimony on behalf of the plaintiff the court on motion directed a verdict for the defendant, thereafter overruled a motion for new trial and entered judgment on the verdict. To this action of the trial court an appeal on questions of law is prosecuted.

The trial court held that requisite proof was not made of the essentials of agency to require the defendant to answer for the acts of Bryant.

If, upon the most favorable construction of the testimony, there is some evidence from which it may be fairly inferred that Bryant was using his automobile at the time of the accident under the direction or control or right of direction of control of the defendant and about its business the case should have been submitted.

When Bryant was ready to make the trip to Butler, Pennsylvania, he went to the office of defendant, drew a sum of money approximating the amount needed for his expenses on the trip including transportation. Upon his return he would turn in an expense account refunding if he had drawn more than he needed, collecting the difference if the allowance had been too small.

He testified that when he took up the work requiring that he travel at times, he was told that his railroad transportation would be paid and in every instance his expense accounts were made up in that

form and charge made in the amount required by such form of travel. It appears that occasionally he used his own automobile but whether or not this was known by the defendant does not appear although Bryant says, in substance, that so far as he knew the company understood how he traveled. One executive officer of the company stated that he had used his automobile for travel for the company charging for it as railroad transportation.

Chester L. Kingsbury, controller of defendant, said, in substance, that though the company allowed expenses for transportation on the basis of railroad fare only, it did not limit the way in which its employees should travel nor did it specify how they should travel. This statement, if true, fixed the general course of conduct of the company in its transactions with its employees who had occasion to travel and to charge the expense thereof to the company.

It appears that some fifteen to twenty years ago there was an order of the defendant that its employees should not use their own automobiles in the pursuit of the company's business. There was no showing that this rule of the company was brought to the attention of Mr. Bryant in any manner whatever.

Upon this factual question then we say that there is evidence in the record to the effect that the defendant, with knowledge, permitted Mr. Bryant, its employee, to choose his type of transportation in moving from Middletown to other places for the purpose of auditing the books of the company and that it might reasonably be inferred that the trip to Columbus was made under like conditions. But if this be true the defendant company exercised no control and reserved no right to exercise control over the means by which Bryant reached the place where he was to audit the records of the company and as to his transportation they stood in the relationship of employer and independent contractor. The service which Bryant performed when he had reached the place where he was to audit the books of his company clearly created the relationship of principal and agent but this was a different status than that appearing respecting the agreement as to Bryant's transportation.

Three cases are cited which are of interest, two by the plaintiff and one by the defendant.

**Pickers et v Diecker and Brother, 21 Oh St, 212,** where recovery was supported against defendant because of negligent acts of their agent who was traveling through the country soliciting orders for his employer and while so engaged hired a team of horses in the name of his employer to pursue his business and while so engaged the accident occurred upon which the cause of action was grounded. The court found that the employee was at all times subject to the will of his employer in respect to his services, and said further that the right to direct or control the agent's movements in the work of his employer would be sufficient to bind the principal.

In **Gedeon v East Ohio Gas Company, 128 Oh St, 335,** the principal was held responsible for the acts of its agent but the automobile which the agent was driving was in no way involved in the events which caused the injury and damage to the plaintiff.

Khoury v Edison Electric Illuminating Company (Mass.), 164 NE, 77, holds:

"3. For relation of master and servant to exist, employee must be subject to control by employer, not only as to result to be accomplished, but also as to means to be used."

"6. Electric company, not requiring or requesting employee to use his automobile in its business, but merely agreeing to pay him, in such case, what he would otherwise be required to pay for his railroad or street railway fares, held not liable as master for injuries caused by his negligent operation thereof while on way to place where he was to install flood light for company."

This authority, though not in this jurisdiction, in our judgment, announces the law of the instant cause and properly states the controlling principle. See also Pynny v Loose-Wiles Biscuit Company (Mass.), 149 NE, 541.

Upon a fair consideration of all the facts in their most favorable light to the plaintiff, we are satisfied that the trial court was correct in directing a verdict for the defendant and thereafter in entering judgment on the verdict.

BARNES, PJ, and BODEY, J, concur.