LLOYD E. PETERSON, APPELLANT, V. BRINN & JENSEN COM-
PANY, APPELLEE.

280 N. W. 171

FILED JUNE 10, 1938.   No. 30158.

*Wear, Boland & Nye* and *Tyler & Peterson*, for appellant.

*Brogan, Ellick, Shoemaker & Fitzgerald, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER
and MESSMORE, JJ., and BLACKLEDGE, District Judge.

CARTER, J.

This action was commenced by plaintiff to recover for
personal injuries sustained in an automobile accident re-
sulting from the negligence of one of defendant's traveling
salesmen.   The trial court directed a verdict for defendant,
and plaintiff appeals.

The record discloses that there are two questions to be
determined on this appeal: First, was the salesman an
employee or independent contractor; and, second, if the
salesman was an employee, was he acting within the scope
of his employment at the time of the accident.   The

negligence of the salesman is conceded for the purposes of this suit.

There is evidence in the record to sustain the following statement of facts. John R. Porter had been employed by the defendant company for many years as a traveling salesman and had been assigned to cover a definite territory, the place of the accident being within it. Porter used his own automobile as a means of transportation and covered his territory once every five weeks. He worked on a commission basis but had a drawing account with the company which was treated as an advancement on commissions earned. He also made collections for the company and performed other services when so directed by the home office. The evidence shows that the company could discharge Porter at any time that it became dissatisfied with the manner in which he was doing his work. The company required Porter to furnish an automobile to be used in covering his territory and he would not have been retained if he could not have provided one. An officer of the company testified that he had known for years that Porter had used an automobile in his work and that he was expected to do so. The evidence shows that it was generally left to Porter to determine the route to be used in covering his territory, but that the company retained the right to direct him where to go within the territory if it desired to do so. It was required that Porter make personal calls on customers and send in his orders daily. The company gave instructions to him concerning the merchandise to be pushed. He was required to devote all of his time to the company's interests, no side lines being permitted. The company also knew that Porter ofttimes brought orders into Omaha with him on week ends. The company also had general information as to the route taken by Porter and it was known to it that Murray and Plattsmouth were on his regular route after leaving Nebraska City.

The accident happened on highway No. 75, approximately nine miles north of Nebraska City, about 9 p. m.

on February 21, 1935. Porter and his companion were killed and plaintiff and his companion, Varro E. Tyler, were seriously injured. At the time of the accident, Porter had with him his sample case, the forms, catalogues and samples necessary to his work, and a number of orders signed by customers of the company. That he was traveling the most direct route from Nebraska City to Murray and Plattsmouth is not disputed.

The defendant contends that Porter was an independent contractor and that there is no liability on the part of the employer where the employer has no control over the physical movements of the automobile being used by its salesman. Defendant cites the cases of *Pyyny v. Loose-Wiles Biscuit Co.*, 253 Mass. 574, 149 N. E. 541; *Stockwell v. Morris*, 46 Wyo. 1, 22 Pac. (2d) 189; *Wescott v. Henshaw Motor Co.*, 275 Mass. 82, 175 N. E. 153; and *McCarthy v. Souther*, 83 N. H. 29, 137 Atl. 445. A reading of these cases discloses that they are based on the proposition that, unless the employer has the right to direct the manner in which the car was to be operated, there is no liability. We cannot accept this theory of the law. It seems to us that the control of the operation of the automobile is not the dominant feature. It is a question of the control of the driver of the automobile by the employer, as distinguished from the physical control of the car, that to us seems the more important factor. We believe the proper rule to be as follows: Where an employer expressly or impliedly authorizes the use of an automobile owned by an employee in the pursuit of his duties, the employer is liable to innocent third persons for injuries resulting from its negligent use by the employee in the business of his employer.

In the very late case of *Kennedy v. American Nat. Ins. Co.*, 107 S. W. (2d) (Tex.) 364, the court said: "If circumstances are consistent with, or require, the inference that activity in which servant was engaged at time of tort complained of, and in which he was using his own automobile or one which he had hired, was within scope of his employment, person injured may recover from employer, if serv-

ant's use of automobile or other vehicle was authorized, either expressly or impliedly." See, also, 5 Am. Jur. 728, sec. 393.

In *Curcic v. Nelson Display Co.*, 19 Cal. App. (2d) 46, 64 Pac. (2d) 1153, the court said: "If the activity in which the agent was engaged at the time of the tort complained of was within the scope of his employment, the fact that the automobile used by him and which caused the injury, belonged to the agent, will not preclude the person injured in recovering from the employer, if the agent's use of the vehicle was, either expressly or impliedly, authorized by the employer."

The Iowa court, in the case of *Heintz v. Iowa Packing Co.*, 222 Ia. 517, 268 N. W. 607, expresses the rule in the following language: "We believe the better rule is that where the employer has control over the employee, the fact that the employee uses his own automobile is wholly immaterial if that automobile is being used when the employee is in the course of his employment. In other words, the control of the man behind the wheel is the same as the control of the wheel, for that car will go wherever the man directs it, and the man will direct it wherever the appellant company that has control over him, orders him to go."

Other cases supporting the rule are: *LaFleur v. Poesch*, 126 Neb. 263, 252 N. W. 902; *Tucker v. Home Stores, Inc.*, 170 Tenn. 23, 91 S. W. (2d) 296; *Borgstede v. Waldbauer*, 337 Mo. 1205, 88 S. W. (2d) 373; *Regal Laundry Co. v. Abell Co.*, 163 Md. 525, 163 Atl. 845.

We necessarily conclude that Porter was an employee, as distinguished from an independent contractor.

The next point to be determined is whether the evidence was sufficient to take the case to the jury on the question whether Porter at the time of the accident was acting within the scope of his employment.

The evidence shows that Porter had been working in Nebraska City during the day on which the accident happened. The company knew, and it is established by the

record, that Porter would call on customers at Murray and Plattsmouth before coming into the home office at Omaha. It is not disputed that the accident happened on the direct and most traveled route to Murray and Plattsmouth. At the time of the accident Porter had his sample case and portfolio with him. He had stationery, catalogues, forms and other equipment with him which were necessary in his work as a salesman. Both Porter and his companion were killed in the accident so that their evidence was not available. The evidence shows that the accident occurred at about 9 p. m., but there is no evidence in the record as to whether or not it was customary to engage in company work at that hour or to travel between towns during the evening. There is evidence in the record that the vice-president of the defendant company stated that "he (Porter) was working for us; our men are in our employ day and night when they are on the territory."

In *Goodwin v. Omaha Printing Co.,* 131 Neb. 212, 267 N. W. 419, we permitted a recovery in a compensation case where the salesman was murdered by a "hitchhiker." It is true in that case that Goodwin left the office of his company for the purpose of calling on customers at Columbus and was traveling the road to that point when he was killed. In so far as the record showed, Goodwin might have changed his mind and been on business of his own. We held, however, that the circumstances surrounding the incident recited were sufficient to sustain an award.

In *LaFleur v. Poesch, supra,* the salesman was traveling from Mitchell to Scottsbluff, after regular hours, in order that he might stay at his own home rather than in a hotel at Mitchell. He had with him at the time of the accident some samples of merchandise. The instructions of his employer permitted him to return to Scottsbluff if he so elected. Even though the salesman testified that the trip was for his own convenience, this court held: "Whether the act was done in the execution of the master's business, within the scope of his employment, is a question of fact. The rule cannot aid in the determination of the fact. Each

case must be determined with a view to the surrounding facts and circumstances, the character of the employment and the nature of the wrongful act. Whether the act was or was not such as to be within the scope of his employment is, ordinarily, one of fact for the determination of the jury. * * * Whether he may have had the option to go to his home or stay at Mitchell overnight can make no difference. In either event he was acting on the instructions of his employer, and his act in going from Mitchell to Scottsbluff under the circumstances disclosed by the evidence would support a finding that he was acting within the scope of his employment and in the execution of his master's business."

It is apparent therefore, from the foregoing cases, that the death of the employee does not remove the only source of proof as to whether he was engaged in the business of his master. That he was so engaged may be shown by the facts and circumstances existing before and at the time of the accident. Whether he traveled in daytime or at night would make no difference if he was in fact on the master's business. The question is one of fact for the determination of a jury. We are convinced that the facts disclosed by the record before us are sufficient to take the case to the jury on the question whether Porter was acting within the scope of his authority when the accident occurred. There is no evidence in the record that he was on any business of his own. It being a jury question, the trial court erred in directing a verdict for the defendant. Likewise, our former opinion, appearing in 133 Neb. 796, 277 N. W. 82, is erroneous and the same is hereby vacated and set aside. The judgment of the district court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

REVERSED.