ANGELO G. MARRONE vs. RAND-WHITNEY CORPORATION. January 31, 1968.
The plaintiff was struck by an automobile owned and driven by one Miller, an employee of the defendant. In an action for injuries sustained, the jury returned a verdict for the plaintiff. The defendant excepted to the admission of evidence, to the denial of its motion for a directed verdict, and to portions of the charge to the jury. All of the exceptions pertain to the issue of the defendant's responsibility for Miller's negligence. The accident occurred while Miller was driving his car during his regular working hours on an errand

---

[1] Preneveau was an employee of Coleman Brothers Construction Co., Inc. (Coleman).

[2] Albert Barton the operator of the "transit mix" truck owned by E. A. Wilson Co. (Wilson).

for the defendant. The defendant's comptroller was called as a witness by the plaintiff (G. L. c. 233, § 22) and testified, over the defendant's objection, that he instructed Miller as to what route to follow, and that he could have told Miller how to drive his car en route. *Commonwealth* v. *Makarewicz*, 333 Mass. 575, 590. The corporate officer who sent Miller on his errand was a logical person to be cross-examined as to the degree of control which the defendant could exercise over Miller. "The test of the relation [of master and servant] is the location of the power of control." *Marsh* v. *Beraldi*, 260 Mass. 225, 231. The testimony of the comptroller warranted the jury in finding that the power of control was in the defendant. The trial judge charged the jury that the relevant "small particulars" (*Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319, 322) were those "pertaining to use and safety because, of course, we are talking in a context of safety in the operation of a motor vehicle." We cannot conceive of relevant particulars not pertaining to use or safety. There was no error.

*Exceptions overruled.*

*Francis P. O'Connor* for the defendant.
*William E. Bernstein* (*Stephen D. Burwick* with him) for the plaintiff.