THERESA KONICK & another *vs.* BERKE, MOORE COMPANY, INC. & another.

Middlesex.     January 8, 1969. — March 10, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Agency,* What constitutes, Independent contractor. *Motor Vehicle,* Operation. *Practice, Civil,* New trial, Damages.

In cases involving the issue of an employer's liability under the doctrine of respondeat superior for his employee's negligence in operating his own automobile in the performance of his duties for his employer, previous decisions of this court indicating that a master-servant relationship with respect to such operation does not exist unless the employer has a right to control the manner of the operation are no longer to be followed. [468]

Evidence that a timekeeper employed by a construction company engaged on a job in a city was instructed by his supervisior to "jump in the car and get the payroll" at the company's office in another city, that the timekeeper took his own automobile as the only one available other than his supervisor's and drove the "most direct route" to the office, and that the company later reimbursed the timekeeper for his toll fee, gasoline and oil warranted findings that he was a servant of the company in the operation of the automobile rather than an independent contractor, even if he chose the route to the office and determined the manner of operation, and that the company was responsible for negligence in the operation causing injury to pedestrians. [468]

In an action against the owner and operator of an automobile and his employer to recover for personal injuries sustained by the plaintiffs by reason of negligent operation of the automobile by the employee during the performance of his duties for his employer, where it appeared that the employer participated in the trial until verdicts were directed for it at the close of all the evidence and that verdicts

for the plaintiffs in substantial amounts were then returned against the employee, this court, upon sustaining the plaintiffs' exceptions to the direction of verdicts for the employer, ordered in the circumstances that upon a new trial as against the employer it should be entitled to have the issue of damages retried as well as issues of its liability. [468]

TORT. Writ in the Superior Court dated May 26, 1964.

The action was tried before *Sullivan*, J.

*Daniel J. Hourhihan* for Theresa Konick.

*Henry Sontag* for Stephen Konick.

*John J. O'Brien* for Berke, Moore Company, Inc.

SPALDING, J. In this action of tort two minor plaintiffs seek to recover for injuries sustained when they were struck by an automobile owned and operated by the defendant Mortimer M. Prescott. The declaration contained four counts. Counts 1 and 3 are on behalf of Theresa Konick and Stephen Konick, respectively, against Prescott. Counts 2 and 4 are on behalf of these plaintiffs against the defendant Berke, Moore Company, Inc. (Company) alleging negligence on the part of its servant, Prescott. The judge directed verdicts for the Company on these counts, subject to the plaintiffs' exceptions. The counts against Prescott were submitted to the jury and a verdict in favor of each plaintiff was returned. The sole question is whether the judge erred in directing verdicts for the Company on counts 2 and 4. It is conceded that the evidence warranted a finding that Prescott was negligent and that the plaintiffs were in the exercise of due care. The question is whether the Company could be found liable for Prescott's conduct under the doctrine of respondeat superior.

We summarize the evidence as follows: The accident occurred on Charles Street, Boston, on July 9, 1959. At that time Prescott was working for the Company as a salaried employee. The Company was a general contractor and was engaged on a "job" in Chelsea. Prescott was a timekeeper on that job. During the morning Prescott was instructed by one Moore, his supervisor, to "jump in the car and get the payroll" at the Company's office on Newbury Street in Boston. He was not told what car to take, but other than

his own, there was only one car at the job site and that be-
longed to Moore.

Prescott drove in his own car from Chelsea to Boston by
way of the Mystic River Bridge, which he considered was
the "most direct route." The route chosen and the speed
of the car were determined by Prescott. The accident oc-
curred before he reached the office in Boston. The Com-
pany, as was its practice, later reimbursed him for the toll
fee which he paid to cross the bridge. In addition, the Com-
pany paid for gas and oil used by Prescott. The car was
registered in Prescott's name and both the registration fee
and the operator's license were paid for by him. When he
was first employed in 1950, he was not required to own a
car as a condition of employment.

The Company may be liable under the doctrine of re-
spondeat superior only if Prescott was its servant. The
general rule laid down by our cases is that in order for the
relation of master and servant to exist, "the employee must
be subject to control by the employer, not only as to the
result to be accomplished but also as to the means to be
used." *Khoury* v. *Edison Elec. Illuminating Co.* 265 Mass.
236, 238. Restatement 2d: Agency, § 220 (1), also stresses
the importance of control by defining a servant as "a person
employed to perform services in the affairs of another and
who with respect to the physical conduct in the performance
of the services is subject to the other's control or right to
control."

Although it generally is agreed that the right to control
is the decisive factor, the test is applied differently in vari-
ous jurisdictions to situations where employees were in-
volved in accidents while negligently driving their own cars.
In *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574 (the
case most heavily relied on by the Company), the employee,
a traveling salesman, was his own master in respect to the
time he should devote to the defendant company's business
and to the places within his designated territory where he
should solicit sales. The court, in holding that the em-
ployee was an independent contractor rather than a servant,

pointed out that it was the employee's, not the company's, duty to register his car and obtain a license and that the company did not have the right to direct the manner in which the employee should operate his car.

Later decisions have relied, at least in part, on the company's lack of the right to control the manner in which the employee drove his car in holding that no master-servant relationship existed. *Khoury* v. *Edison Elec. Illuminating Co.* 265 Mass. 236. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 87. *Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319, 322. *Hailer* v. *American Tool & Mach. Co.* 288 Mass. 66. *Shea* v. *Bryant Chucking & Grinder Co.* 336 Mass. 312, 314. *Gladncy* v. *Holland Furnace Co.* 336 Mass. 366, 368. See *Conversions & Surveys, Inc.* v. *Roach,* 204 F. 2d 499 (1st Cir.). *Tavolieri* v. *Allain,* 222 F. Supp. 756 (D. Mass.). An employee while driving his own car may be an independent contractor, even though he would be a servant when performing other jobs. *Shea* v. *Bryant Chucking & Grinder Co., supra,* 314. Our decisions, however, have recognized that there may be sufficient evidence of a master-servant relationship to go to the jury if an officer of the company has instructed the employee what route to follow and could have told him how to drive his car en route. *Marrone* v. *Rand-Whitney Corp.* 353 Mass. 766.

The plaintiffs seek to show that this case is controlled by *Marrone* v. *Rand-Whitney Corp., supra,* rather than the line of decisions following *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574. But here, unlike the situation in the *Marrone* case, the employee Prescott chose the route he took, and there was no evidence that the Company had the right to instruct him as to the manner or means of performing his work. Although the facts in the case at bar are not identical to those in the *Pyyny* case or in the cases which rely on it, the differences are not substantial nor significant, and it is clear that under those decisions Prescott would be classified as an independent contractor. Thus, under the existing law the judge was constrained to order verdicts for the Company.

Alternatively, the plaintiffs ask that we abandon the principle that to establish the relationship of master and servant where the servant drives his own car the master's right to control must extend to the manner and means of performing the task requested. In a few jurisdictions the rule is similar to ours. See, e.g., *McCarthy* v. *Souther*, 83 N. H. 29; *American Natl. Ins. Co.* v. *Denke*, 128 Texas, 229, and *Stockwell* v. *Morris*, 46 Wyo. 1. But this is apparently the minority view and has been rejected and criticised by other courts. *Cook* v. *Sanger*, 110 Cal. App. 90, 101–102. *Hogan* v. *Chicago*, 319 Ill. App. 531. *Heintz* v. *Iowa Packing Co.* 222 Iowa, 517. *Webster* v. *Mountain States Tel. & Tel. Co.* 108 Mont. 188. *Peterson* v. *Brinn & Jensen Co.* 134 Neb. 909, 911. *Kohl* v. *Albert Lifson & Sons, Inc.* 128 N. J. L. 374. *Gutov* v. *Krasne*, 266 App. Div. (N. Y.) 302, 305 (applying New Jersey law but indicating that New York law is the same). Other cases, in holding that a master-servant relationship may have existed, do not even mention whether the employer had a right to control the actual operations of the car, and thus imply that there is no such requirement. *Southern Natl. Ins. Co.* v. *Williams*, 224 Ark. 938. *Frankle* v. *Twedt*, 234 Minn. 42. See also Annotation, 53 A. L. R. 2d 631.

Some of the decisions which do not follow the rule laid down in such cases as *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, suggest that the crucial question is the right to control the driver's general activities, not the physical control of the car. See, e.g., *Peterson* v. *Brinn & Jensen Co.* 134 Neb. 909. In other words, if there is a right to control the employee's general activities, he is a servant, even though the master may not have the right to control the details of the operation of the car when the servant is carrying out an errand for his master. Thus, as was said by the Court of Appeals for the Fifth Circuit in *Hinson* v. *United States*, 257 F. 2d 178, 181, "Control or the right to control the manner or means of performing the task hardly seems decisive. If the relationship of master and servant exists and if what the employee is doing is in the furtherance of the master's busi-

ness, i.e. in the scope of his employment, the law gives the master the right of direction and control."

We are of opinion that we should no longer follow our cases to the extent that they indicate that a master-servant relationship does not exist unless the employer has a right to control the manner and means (the details, in other words) of operating the car. In the circumstances here, where Prescott clearly was a servant in relation to his duties as a timekeeper, where he was instructed to do a specific job, and where he had at least implicit permission to use his own car, the fact that he chose the route and his speed does not change his status to that of an independent contractor. Accordingly, the verdicts for the Company should not have been directed, and the plaintiffs' exceptions to this action must be sustained.

The jury returned verdicts against Prescott for Theresa and Stephen Konick for $130,000 and $2,000, respectively. The plaintiffs urge (without citation of authority) that the damages were thus established and that on a retrial only the issue of the existence of the master-servant relationship should go to the jury. But the judgments against Prescott do not bind the Company, although it cannot be held liable for an amount in excess of the judgments against him. *Barry* v. *Keeler,* 322 Mass. 114. Restatement: Judgments, § 96. Annotation, 141 A. L. R. 1168, 1172. Despite the fact that the Company participated in the trial until the verdicts were directed at the close of all the evidence, the Company never had its rights and liabilities determined by the jury. No verdict was ever returned against the Company, and therefore it had no occasion to seek a remittitur, to ask for a new trial, or to obtain appellate review. In short, it has never had its day in court on the issue of damages. In these circumstances, upon a new trial, the Company has the right to have all issues retried. See *DiCarlo* v. *Scoglio,* 317 Mass. 773.

*Exceptions sustained.*