PHYLLIS CHEEK *vs.* ECONO-CAR RENTAL SYSTEM OF
BOSTON, INC.

Suffolk.   September 13, 1984. — January 21, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Agency*, What constitutes, Scope of authority or employment. *Evidence*,
    Prima facie evidence, Of agency. *Motor Vehicle*, Agency. *Practice,
    Civil*, Presumptions and burden of proof.

In an action against a car rental company to recover for injuries sustained
    by the plaintiff as a passenger in an automobile owned by the defendant
    and rented by the driver, the judge's statements in her findings, that
    pursuant to G. L. c. 231, § 85A, she took the fact that the automobile
    was registered to the defendant as prima facie evidence of an agency
    relationship between the driver of the automobile and the defendant and
    that this prima facie evidence was not controverted by the defendant,
    amounted to a ruling that a finding of agency was compelled and, as
    such, was erroneous in view of the plaintiff's testimony that the accident
    occurred late at night while she and the operator of the rented automobile
    were returning to Boston from a nightclub. [662-664] NOLAN, J., with
    whom LIACOS and ABRAMS, JJ., join, dissenting.

TORT. Writ in the Municipal Court of the City of Boston
dated May 26, 1970.

The case was heard by *Margaret Burnham*, J., and, upon
retrial, by *Theodore A. Glynn*, J.

*Winston Kendall* for the plaintiff.

*Richard B. Kydd* for the defendant.

O'CONNOR, J. The plaintiff seeks damages for personal in-
juries she sustained as a passenger in a motor vehicle owned by
the defendant and operated by one Roosevelt Harrison. The action
was tried before a judge in the Municipal Court of the City of
Boston and resulted in a finding for the plaintiff. The defendant
claimed a report. The Appellate Division remanded the case
to the trial judge for further findings. Upon receipt of the trial
judge's "further findings," the Appellate Division vacated the

judgment and ordered a new trial. After a second trial a different judge found for the defendant and judgment was entered accordingly. The plaintiff then claimed a report. The Appellate Division dismissed that report and the plaintiff appeals here. We affirm the order of the Appellate Division dismissing the report.

The plaintiff was the only witness at the first trial. She testified that the vehicle had been rented by Harrison from the defendant. In her report to the Appellate Division, the judge stated: "The plaintiff was a passenger in a rented motor vehicle owned by the defendant Econo-Car Rental System of Boston Inc., and operated by the renter, Roosevelt Harrison." The judge found, presumably on adequate evidence, that the plaintiff was a guest in the vehicle and that the accident occurred in the early morning hours when Harrison and the plaintiff were returning to Boston from a nightclub they had attended in Everett. Harrison operated the vehicle in a grossly negligent manner.

In its order remanding the case for further findings, the Appellate Division expressed its difficulty in determining from the judge's report whether the judge had found that "there was either control by the bailor, if there was a bailment, or whether there was agency involved." Since the existence of a master-servant relationship between the defendant and Harrison was crucial to the right of the plaintiff to recover damages from the defendant, and since the judge had made no findings concerning the defendant's right to control the operation of the vehicle or the purpose for which it was being operated, the Appellate Division properly remanded the case for further findings. The plaintiff does not appear to contend that the order of remand for further findings was erroneous.

After remand, the judge filed the following document, entitled "Further Findings":

"1. I find that at the time of the operation here, the defendant was the registered owner of the vehicle driven by Roosevelt Harrison.

"2. Pursuant to Chapter 231, Section 85A, I take the fact of registration as prima facie evidence that an agency relationship existed between Harrison and the defendant.

"3. This prima facie evidence was not controverted by the defendant at the trial of this matter."

After receiving that document, the Appellate Division ordered a new trial, stating: "We conclude that it does not appeal to our sense of justice to hold one liable in a case where there are contradictory findings by the trial judge of both an agency and bailment and there should be a new trial." The plaintiff contends that it was error for the Appellate Division to order a new trial. We do not agree.

The gross negligence of Harrison was imputable to the defendant only if at the time of the accident the relationship of the defendant and Harrison was that of master and servant. *Konick* v. *Berke, Moore Co.*, 355 Mass. 463, 465 (1969). *Khoury* v. *Edison Elec. Illuminating Co.*, 265 Mass. 236, 238 (1928). That relationship existed only if the defendant had a right to control the result to be accomplished by Harrison and the means employed to accomplish it. *Konick* v. *Berke, Moore Co., supra. Marrone* v. *Rand-Whitney Corp.*, 353 Mass. 766, 767 (1968). *Khoury* v. *Edison Elec. Illuminating Co., supra.* See *Marsh* v. *Beraldi*, 260 Mass. 225, 231 (1927).

General Laws c. 231, § 85A, makes evidence that a defendant is the registered owner of a motor vehicle prima facie evidence of a master-servant relationship between the defendant and the operator of the vehicle, and it imposes on the defendant the burden of proving the nonexistence of that relationship. The statute does not change the substantive law of negligence. It simply states a rule of evidence. *Gallo* v. *Veliskakis*, 357 Mass. 602, 604 (1970). *Pistorio* v. *Williams Buick, Inc.*, 341 Mass. 155, 158 (1960). *Fitiles* v. *Umlah*, 322 Mass. 325, 327 (1948). *Smith* v. *Freedman*, 268 Mass. 38, 40 (1929).

Had there been no evidence of the nonexistence of a master-servant relationship between this defendant and Harrison, the plaintiff would have been entitled to a ruling that any negligence of Harrison was to be imputed to the defendant. See *Thomes* v. *Meyer Store Inc.*, 268 Mass. 587, 588 (1929). However, there was such evidence, and therefore the existence or nonexistence of a master-servant relationship was a question of fact. *Id.* at 589. "The statute does not impair or modify the fundamental

rights of a defendant, who is at liberty to overcome the *prima facie* evidence created by the statute by other-evidence" (emphasis in original). *Smith* v. *Freedman, supra* at 41.

The evidence that Harrison and the plaintiff were returning to Boston from a nightclub in the early morning in a rented vehicle warranted the inference that at the time of the accident Harrison was not carrying on the defendant's business and was not subject to the defendant's control of the means to accomplish it. Given the statute and the evidence, a factual question concerning the relationship of the defendant and Harrison was present. It is immaterial that the evidence of the nonexistence of a master-servant status was supplied by the plaintiff's testimony and not by a witness called by the defendant.

Statements numbered (2) and (3) in the trial judge's "Further Findings" were rulings rather than findings. The judge made no express findings, as required by the order of remand, concerning the defendant's right to control the conduct of the operator. Instead, by noting G. L. c. 231, § 85A, and by stating that the "prima facie evidence was not controverted by the defendant," the judge impliedly ruled that there was no evidence of the nonexistence of a master-servant relationship which would permit her, as the fact finder, to find that Harrison was not acting as the defendant's servant at the time of the accident. That ruling — that a finding of agency was compelled — was erroneous. The prima facie evidence *was* controverted — i.e., it was opposed, contested, or disputed — by the evidence that the vehicle had been leased and was being used at the time of the accident to transport its occupants from a nightclub. The evidence was sufficient to warrant a finding either way on the agency question.

The conclusion of the Appellate Division that the judge's findings were contradictory was not entirely correct because it was theoretically possible, although unlikely, that Harrison rented the vehicle from the defendant but was also using the vehicle at the time of the accident in furtherance of the defendant's business and under the defendant's right of control. Nevertheless, the Appellate Division had before it a case in which the judge had ruled erroneously that she was legally compelled to find the defendant responsible for Harrison's gross

negligence despite strong indications in the evidence that the only relationship between the defendant and Harrison was that of bailor and bailee. Although the Appellate Division's conclusion that the judge had made contradictory findings was imprecise, it is apparent that it recognized that the judge's reasoning had been legally incorrect and the judgment should not stand. The Appellate Division could have remanded the case to the trial judge, a course previously taken unsuccessfully. It chose instead to order a new trial. No error was committed.

*Order dismissing report affirmed.*

NOLAN, J. (dissenting, with Liacos and Abrams, JJ., joining). I dissent. The court is simply wrong in concluding that the first trial judge considered that a finding of agency was compelled. She never said that it was compelled. In fact, all that the first trial judge said material to the issue was that "[t]his prima facie evidence (of agency) was not controverted by the defendant at the trial of this matter." This statement is accurate. The "controverting" evidence came from the plaintiff, who "testified that the car was leased by the driver from the defendant, the car's registered owner." Though the source of the evidence is immaterial for purpose of determining whether there was any evidence, as the opinion points out, the judge was correct in noting that the evidence of the lease relationship was supplied by the plaintiff's testimony. Such a factor is highly material in determining whether the judge made an erroneous finding. She was not compelled to believe such testimony. As a trier of fact, she was free to accept or reject this testimony in much the same way as a jury would be free to accept or reject testimony.

If it is possible to single out the one blatantly erroneous statement in the court's opinion it has to be: "[T]he Appellate Division had before it a case in which the judge had ruled erroneously that she was legally compelled to find the defendant responsible for Harrison's gross negligence despite strong indications in the evidence that the only relationship between the defendant and Harrison was that of bailor and bailee." *Ante* at 663-664.

This statement is not supported by the record. The trial judge correctly interpreted the provisions of G. L. c. 231, § 85A. The trial judge also found that the motor vehicle was registered in the name of the defendant at the time of the accident. The judge's findings indicate that the force of the statutory prima facie evidence of agency had not been overcome. The evidence presented failed to persuade her that the agency created by registration of the motor vehicle in the name of the defendant was sufficiently rebutted. See *Nugent* v. *Classic Car Corp.*, 379 Mass. 913 (1979). See also P.J. Liacos, Massachusetts Evidence 50-51 (5th ed. 1981). Although the plaintiff's statements as to the lease of the motor vehicle from the defendant were evidence, that evidence does not warrant a conclusion that the judge's findings were clearly erroneous. See Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974); *Freyermuth* v. *Lutfy*, 376 Mass. 612, 615 (1978). The first trial judge committed no error.

The effect of today's opinion is to eviscerate G. L. c. 231, § 85A, and, without trying to vaticinate, I believe this opinion may well return to haunt us.