Toomey, J.
Introduction
This action arises from a motor vehicle accident on August 5, 1992 between Metodija Cunkovski and Everett Bonney (“Bonney"). Metodija Cunkovski and his wife, Nada Cunkovski (“plaintiffs”) filed this three-count complaint against Bonney, Penn Way Transportation, Inc. (“Penn Way”), and Aluminum Company of America (“ALCOA”). Plaintiffs assert respondeat superior claims against Penn Way in Count II and ALCOA in Count III based on the negligence of Bonney. ALCOA and Penn Way filed a joint motion for summary judgment claiming neither could be liable because there is no agency relationship between them and Bonney. Plaintiffs filed an opposition. After hearing counsel for both parties and based on the parties’ written submission, Penn Way’s motion for summary judgment is DENIED and ALCOA’s motion for summary judgment is ALLOWED.
Background
On August 5, 1992, Metodija Cunkovski was in a rear-end collision with Everett Bonney on Route 20 in Auburn, Massachusetts. At the time of the accident, Bonney was driving a truck in connection with his employment. He was employed by Vanguard Services, Inc. (“Vanguard”). Vanguard provides personnel to drive trucks owned by other companies. On the day of the accident, Bonney was driving a truck owned by Penn Way and he was hauling ALCOA products. Penn Way is a subsidiary of ALCOA. Now before this Court is ALCOA’s and Penn Way’s joint motion for summary judgment as to Counts II and III.
Discussion
Summary judgment shall be granted where there are no genuine issues at to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317 322 (1986)).
A. Penn Way’s Liability
Penn Way asserts that there can be no liability against it because there has been no showing of an agency relationship between it and Bonney sufficient to render Penn Way liable for Bonney’s alleged negligence. Plaintiffs respond that there are genuine issues of material fact with respect to the existence of an agency relationship such that Penn Way’s motion for *639 summary judgment should be denied. This Court agrees with plaintiffs.
In order to establish liability under a respondeat superior theory, plaintiffs need to show the existence of some kind of agency relationship between Penn Way and Bonney. Konick v. Burke Moore Co. Inc., 355 Mass. 463, 465 (1969); Kelly v. Middlesex Corp., 35 Mass.App.Ct. 30, 32 (1993). This can be done by showing that Penn had some right to control Bonney’s actions. Kelly, supra; Chase v. Independent Practice Association, Inc., 31 Mass.App.Ct. 661, 665 (1991).
Plaintiffs assert that Bonney’s daily log sheet lists Penn Way as the carrier on August 5, 1992 and that one Ron Milcheck of Penn Way was provided with notice of the on-going investigation of the accident. More importantly, Bonney’s route assignments, hours of driving, and points of delivery were established by Penn Way. Bonney was to report any accidents to Milcheck. The U.S. Department ofTransportation Federal Highway Administration Motor Carrier Accident Report form was signed and dated by Milcheck. All of theses facts demonstrate the existence of a genuine and material fact issue for trial regarding Penn Way’s right to control Bonney’s actions and, ultimately, Penn Way’s vicarious liability for Bonney’s conduct. Therefore, Penn Way’s motion for summary judgment will be DENIED.
B. ALCOA’s Liability
Plaintiff has failed to come forward with any facts to establish any right of control by ALCOA over Bonney. There are no facts to support an agency relationship between Bonney and ALCOA sufficient to hold ALCOA liable under a respondeat superior theoiy. ALCOA’s status as the parent corporation of Penn Way is insufficient, without more, to render ALCOA liable for Penn Way’s obligations. Therefore, ALCOA’s motion for summary judgment will be ALLOWED.
ORDER
Based on the foregoing reasons, ALCOA’s motion for summary judgment is ALLOWED and Penn Way’s motion for summary judgment is DENIED.