Houston, J.
This action arises out of a two-car accident on Route 93 North in which the plaintiff, Robert Greenstein (“Greenstein”) suffered injuries. Greenstein brought claims against the driver of the vehicle, Lawrence Casale (“Casale”), the vehicle’s lessee, David Jackson (“Jackson”), and the lessor Nissan - Infiniti LT, Nissan North America, Inc., and Nissan Motor Acceptance Corporation (“Nissan”). In the sole count alleged against Nissan, Count IV for negligence, Greenstein alleges that, pursuant to Mass. Gen. Laws c. 231, §85A, Nissan is responsible for the negligent acts of the vehicle’s driver, Casale. Now before the court is Nissan’s Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is DENIED.
DISCUSSION
Nissan can only be liable to Greenstein if Massachusetts General Laws c. 231, §85A imputes liability to Nissan as the registered owner of the car.
Mass. Gen. Laws c. 231, §85A provides:
In all actions to recover damages for injuries to the person or property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirma *468 tive defense to be set up in the answer and proved by the defendant.
“Section 85A is remedial in purpose and is intended to assist injured plaintiffs in proving that the driver of the vehicle was acting on behalf of its owner at the time of the collision,” Thompson v. Auto Credit Rehabilitation Corporation, 56 Mass.App.Ct. 1, 5 (2002), citing Legarry v. Finn Motor Sales, Inc., 304 Mass. 446, 448-49 (1939). Under Section 85A, the burden is on the vehicle’s owner to show that the driver was not a person for whom the owner was legally responsible. Id. Section 85A is a rule of evidence and does not change the substantive law of evidence; the owner of the car need still have authority and means to control the conduct of the driver. Id. Nonetheless, while a defendant-owner can ultimately overcome the prima facie showing of an agency relationship under Section 85A, a sufficient showing at the dismissal or summary judgment stage appears to be impossible under the current case law. See St. Pierre v. Penske Truck Leasing Corp., Civil No. 00-4805G (Suffolk Superior Ct. December 13, 2001) (Gants, J.) (14 Mass. L. Rptr. 149). “Proof that the vehicle is registered in the name of the defendant will always be sufficient, standing alone, to defeat motions for summary judgment. . .” Id. at *5.
In the present case, the claim against Nissan cannot be dismissed because Nissan has not provided, and according to the present state of the case law under Section 85A, cannot at this stage provide any evidence to overcome the prima facie showing that, as registered owner, Nissan had control over Casale’s conduct. Ultimately it seems that Nissan will easily be able to prove that there is no agency relationship between Nissan and Jackson and/or Casale. Nissan, as lessor of the vehicle, while technically the owner, has no authority and control over the lessee and those whom the lessee permits to use the vehicle, and thus is likely not legally responsible for Casale’s alleged negligence. See Cheek v. Econo-Car Rental System of Boston, Inc., 393 Mass. 660 (1985) (finding evidence that vehicle was leased and was being used to drive occupant to nightclub sufficient to rebut prima facie evidence created by Section 85A). However, under the current case law a showing that vehicle is registered in the name of the defendant is sufficient to withstand dismissal.
ORDER
For the foregoing reasons, it is hereby ORDERED that Nissan’s Motion to Dismiss is DENIED.