Agnes, Peter W., J.
Plaintiff Donna Castonguay (“Castonguay”) brought this wrongful death action against Vivek Chander, M.D. (“Dr. Chander”) and Milford-Whitinsville Regional Hospital, Inc. (“Hospital”), alleging that Dr. Chander provided negligent medical care to the decedent, Deborah C. Liberty (“Liberty”), causing her conscious pain and suffering. The plaintiff seeks to hold the Hospital vicariously liable for Dr. Chander’s actions. Pursuant to Mass.R.Civ.P. 56, the Hospital now moves the Court to grant summary judgment in its favor, arguing that no employer-employee or master-servant relationship existed between Dr. Chander and the Hospital and that Dr. Chander was not acting under the direction or control of the Hospital. For the following reasons, the Defendant, Hospital’s, Motion for Summary Judgment is ALLOWED.
BACKGROUND
The relevant facts, viewed in the light most favorable to Castonguay, are as follows.
On March 17, 2002, Liberty received medical treatment from Dr. Chander in the emergency room of the Hospital. Liberty later died on April 6, 2002.
Dr. Chander was an employee of Orion Emergency Services (“Orion”), a corporation providing professional services for the Hospital. The Hospital and Orion had an Agreement enumerating the various services that Orion would provide. The Agreement stated, “(t]he Corporation [Orion] shall provide the administrative and supervisory services required for the effective and efficient operation of the [Emergency] Department.” This included “appropriate direction, supervision and evaluation of both physician and non-physician personnel employed in the Department [and] development and monitoring of standards of professional practice, so as to assure compliance with licensure and accreditation standards . . .” In addition, the Agreement provided that “[d]epartment Physicians shall be subject to the initial and continued approval of the Hospital, which approval shall not be unreasonbale [sic] withheld.” Ex. D at par. 2(h).
Orion paid Dr. Chander’s salary and received no direct compensation from the Hospital. Dr. Chander’s schedule was determined by Orion, but he received it at the hospital. Dr. Chander did not maintain an office *318 at the Hospital but used it as his professional mailing address. Dr. Chander did not consider himself an employee of the Hospital.
DISCUSSION
I. Applicable Legal Standards and Law
A. Summary Judgment Standard
The court will grant summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). The purpose of summary judgment is “to decide cases where there are no issues of material fact without the needless expense and delay of trial followed by a directed verdict.” See Correllas v. Viveiros, 410 Mass. 314, 317 (1991). The moving party who does not bear the burden of proof at trial can meet its initial burden by affirmatively establishing that the non-moving party cannot meet an essential element of its burden at trial, either by negating an essential element of the non-movant’s claim or by demonstrating that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacalis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists. See Mass.R.Civ.P. 56(e). The court should not weigh evidence, assess credibility, or find facts; it may only consider undisputed material facts and apply them to the law. Kelley v. Rossi, 395 Mass. 659, 663 (1985); Attorney Gen. v. Bailey, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982), quoting Hub Assocs. v. Goode, 357 Mass. 449, 451 (1970) (“[T]he court does not ‘pass upon the . . . weight of the evidence [or] make [its] own decision of facts’ ”).
B. Vicarious Liability
Respondeat superior is the proposition that an employer, or master, is vicariously liable for its employees’ torts committed within the scope of their employment. Dias v. Brigham Medical, 438 Mass. 317, 319 (2002). The rule in Massachusetts is that a hospital in general is only liable for the negligence of its physicians, if the plaintiff proves (1) at the time of the alleged negligence, the physician was an employee of the hospital, and (2) the alleged negligence occurred within the scope of the physician’s employment. See Dias, 438 Mass. at 322 (noting standard in vicarious liability cases involving healthcare personnel). In Dias, the parties admitted the existence of an employer-employee relationship. See id. In cases where such a relationship is not admitted, determining whether an employee-employer relationship exists is a question of fact. Id. One factor used to determine if the relationship between the principle and the physician is an employer-employee relationship, as opposed to an independent contractor arrangement, is whether the hospital exercised direction and control over the physician. Id.
Calcagni ex rel. Calcagni v. Wendel, 2005 WL 705964, Worcester Civil Action 2001-781 (Mass.Super., February 28, 2005). See also Hohenleitner v. Quorum Health Resources, Inc., 435 Mass. 424, 430 (2001); Konick v. Berke, Moore Co., 355 Mass. 463, 468 (1969). Specifically, a hospital is only liable for the negligence of its physicians, if the plaintiff proves (1) at the time of the alleged negligence, the physician was an employee of the hospital, and (2) the alleged negligence occurred within the scope of the physician’s employment. See Dias, 438 Mass. at 322.
Whether an employer-employee relationship exists is fact-dependent. A number of factors can be considered in determining if there is a genuine dispute of fact including the method of payment, whether the parties themselves believe they have created an employer-employee relationship, and whether the hospital has the right to direct and control the physician’s treatment decisions. Dias, 438 Mass. at 322; Chase v. Indep. Practice Ass’n, 31 Mass.App.Ct. 661, 665 (1991). Where there is no agreement as to employment, an inquiry into whether the hospital had the authority to direct and control the details of the alleged employee’s actions can be particularly useful. Dias, 438 Mass. at 322; Ward v. Kylander, Civil No. 03-2030 (Worcester Super.Ct. June 8, 2006) (Lu, J.) [21 Mass. L. Rptr. 290]. It is a general principle, however, that “a physician performing medical services in a hospital acts as an independent contractor, and not as a servant of the hospital, unless the hospital has the power of control or direction over the physician’s professional conduct.” See Hohenleitner, 435 Mass. at 432; Kelley v. Rossi, 395 Mass. 659, 662 (1985) (“Another person, unless a physician himself, would have no right (or desire) to exercise control over the details of the physician’s treatment of a patient. . .”).
II. Dr. Chander’s Employment Status
To hold the Hospital vicariously liable, the plaintiff must show that an employer-employee relationship existed between Dr. Chander and the Hospital. Without this, the Hospital cannot be held liable for Dr. Chander’s conduct. See Dias, 438 Mass. at 322. Castonguay has failed to introduce evidence that would support a finding that Dr. Chander was an employee of the Hospital. On the summaiy judgment record, the evidence indicates that Dr. Chander was an independent contractor who was employed by Orion at the time of the alleged malpractice in the Hospital. In his affidavit, Dr. Chander certified that he was not an employee of the Hospital. During his deposition, Dr. Chander also stated that he did not receive a salary or employment benefits from the Hospital, the Hospital did not set his schedule, and he determined the course of medical treatment for the patients he saw in the Department. Additionally, Dr. Chander did not consider himself to be the Hospital’s *319 employee. There is no evidence that the hospital had a right to control Dr. Grander in the performance of his duties at the hospital.
The Plaintiff points to G.L.c. Ill, §203 and 243 Code Mass. Regs. §3 for support. Those provisions provide that in order for a hospital to gain accreditation from the Commonwealth, it must have certain by-laws in place to prevent or cope with malpractice allegations. This inherently implies some level of supervision by a hospital over the persons working in it. But this does nothing here to bolster Castonguay’s argument that Dr. Grander was an employee or servant of the Hospital. While the Agreement does state in paragraph 9(a) that the Department physicians would be members of the Hospital’s staff, this does nothing to counter the assertion that Dr. Grander was an employee of Orion, not of the Hospital. Without more, the Plaintiff has not put forward enough “competent and admissible evidence” that would give rise to a genuine issue of material fact for a fact finder. Liability, therefore, cannot be imputed to the Hospital. As a matter of law, the Plaintiff cannot proceed against the Hospital for her claim of vicarious liability under the theory of respondeat superior.
ORDER
Therefore, it is ORDERED that Defendant, Milford-Whitinsville Regional Hospital, Inc.’s, Motion for Summary Judgment is ALLOWED.