COMMONWEALTH *vs.* JOHN K. JOHNSON.

Berkshire. March 5, 1991. - May 20, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal*, Required finding, Presumptions and burden of proof. *Controlled Substances. Evidence*, Expert opinion.

At the trial of an indictment charging trafficking in cocaine in excess of twenty-eight grams, there was sufficient evidence, including a certificate of analysis based on a representative laboratory testing of the seized substance, to warrant a finding that the defendant was guilty of the crime charged. [200-201]

At the trial of an indictment charging trafficking in cocaine in excess of twenty-eight grams, the opinion of a police officer that the amount of cocaine possessed by the defendant was not consistent with personal use but was consistent with an intent to distribute was properly admitted. [202]

INDICTMENT found and returned in the Superior Court Department on February 17, 1989.

The case was tried before *Elizabeth A. Porada*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John J. Stobierski* for the defendant.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. We affirm the conviction of the defendant of trafficking in cocaine in violation of G. L. c. 94C, § 32E.

The defendant's appeal is two-pronged. He argues (1) that his motion for a required finding of not guilty was erroneously denied, and (2) that it was error for the trial judge to permit a police officer to give his opinion that the amount of seized cocaine was not consistent with personal use and was consistent with an intent to distribute.

The jury were warranted in finding that in responding to a call, a police officer from the Pittsfield police department went to a motel where he searched an open part of a fence in the parking lot and found a gray shopping bag containing seventy-one individual bags of cocaine and three separate bags of cocaine. The police officer left the shopping bag where he found it and took up surveillance of the area from the vantage point of a room in the motel. Some hours later, the police officer observed two men approach the bag. The defendant picked up the bag and handed it to the other man, who returned it to the defendant. As the two men left the parking lot, the defendant was carrying the bag when police approached them. On seeing the police, the defendant threw the bag over a fence. The defendant and his companion were arrested and the bag was seized.

When the police returned to the police station, a police officer conducted a field test of the contents of the bag. At trial, the bag was admitted in evidence and a certificate of analysis of the drugs was introduced in evidence.

1. *Motion for required finding of not guilty.* In evaluating a motion for a required finding of not guilty, we adhere to the rule that such motion should be denied if the evidence presented by the Commonwealth and viewed most favorably to the Commonwealth, and including all inferences not too remote, would warrant a jury's verdict that the defendant was guilty beyond a reasonable doubt. See *Commonwealth* v. *Clark*, 378 Mass. 392, 404 (1979).

The Commonwealth introduced in evidence a certificate of analysis of the seized substance from the Department of Public Health. The certificate provided that the powder in the bags was cocaine. It went on: "The identification of the contents of the 71 plastic bags was determined by analysis of a random sample of 9 plastic bags and the net weight of the 71 plastic bags was derived from the average weight of the randomly sampled plastic bags." The certificate then records the following net weight: 31.33 grams.

The defendant argues that the Commonwealth failed to prove beyond a reasonable doubt the net weight of the drugs.

An essential element of the crime of trafficking is that the weight of the cocaine which is the subject of the indictment be at least twenty-eight grams. G. L. c. 94C, § 32E.

General Laws c. 111, § 13 (1988 ed.), provides that the certificate when properly executed shall be "prima facie evidence of the composition, quality, and when requested, the net weight of the narcotic." The defendant first argues that the weight was not "requested." However, the defendant (represented at trial by different counsel) did not object to the introduction of the certificate and, therefore, it is admissible for its full probative effect. The defendant could have objected to the part of the certificate that indicated the weight. He could have moved to delete that portion but he did not object nor move to strike the reference to the weight. He will not now be heard to complain.

Next, the defendant argues that in any event, a finding of guilty could not, as matter of law, be founded on the certificate. The certificate is prima facie evidence of the weight, among other things. Such prima facie evidence consists of a rebuttable presumption and an inference. Evidence tending to negate the presumption destroys the presumption but the inference is sufficient to avoid a required finding of not guilty. *Commonwealth* v. *Chappee*, 397 Mass. 508, 520 (1986). See P.J. Liacos, Massachusetts Evidence 54 (5th ed. 1981).

In circumstances only marginally different from the facts of the present case, the Appeals Court approved of an analysis of samples only to arrive at a total weight of cocaine in *Commonwealth* v. *Shea*, 28 Mass. App. Ct. 28, 33-34 (1989). Procedures not trenchantly different from those that were followed in this case have been approved by courts of other jurisdictions.[1] Accordingly, there was no error in denying the motion for a required finding of not guilty.

---

[1] See *United States* v. *Hilton*, 894 F.2d 485 (lst Cir. 1990) (conviction affirmed where trier of fact found that defendant possessed fifty kilograms of marihuana though only one package of twenty-four pounds had been seized); *State* v. *Miller*, 588 S.W.2d 237, 241 n.1 (Mo. Ct. App. 1979) (where prescribed quantity is element of offense, it is not necessary for

2. *Testimony of investigator.* The defendant argues that it was error to permit a police detective to testify that in his opinion the amount of cocaine possessed by the defendant was not consistent with personal use but was consistent with an intent to distribute. There was no error.

The detective had been a police officer for eight years and a narcotics investigator for two and one-half years. He had undergone special training to qualify as a narcotics investigator. He had participated in at least 100 narcotics investigations. After qualifying him, the prosecutor asked the judge to accept him as an expert and the judge ruled that he was an expert by permitting him to testify ("The witness may continue to testify").

He expressed an opinion within his expertise. *Commonwealth* v. *Pikul,* 400 Mass. 550, 553 (1987). The admission of such evidence is largely within the discretion of the trial judge and he will be reversed only where the admission constitutes an abuse of discretion or error of law. *Id.* The use of narcotics investigators as experts in drug cases has an impressive history. See *Commonwealth* v. *Davis,* 376 Mass. 777, 788 (1978) (permissible for police officer to testify as to use of small manila envelopes for bagging heroin); *Commonwealth* v. *Sendele,* 18 Mass. App. Ct. 755, 759 (1984) (narcotics officers were permitted to testify as to their opinion that content of vial was for defendant's personal use but the cocaine in the valise was intended for distribution); *Commonwealth* v. *Fiore,* 9 Mass. App. Ct. 618, 624 (1980) (police officer properly testified as to street value of cocaine).

In sum, there was no error in the admission of the police officer's expert testimony.

*Judgment affirmed.*

chemist to analyze each pill). See also *Dixon* v. *State,* 357 N.E.2d 908, 910 (Ind. Ct. App. 1976); *State* v. *Bowers,* 529 P.2d 300, 302 (N.M. Ct. App. 1974).