Forte, J.
This appeal is from the consolidated trial of two actions arising from the same collision of two vehicle operated by Kathy Howlett (“Howlett”) and by Edwin Parker, Jr. (“Parker”). The vehicle driven by Parker was owned by his employer, Minute Man Chrysler-Plymouth of Concord, Inc. (“Minute Man”) and insured by Universal Underwriters Insurance Company (“Universal”).
Universal brought suit against Howlett to recover the amount of Personal Injury Protection Benefits (PIP) it paid to passengers in the Parker vehicle owned by its insured, Minute Man. In the second action, Howlett sought recovery for property damage to her vehicle against Minute Man, the owner of the car driven by Minute Man’s employee, Parker. Parker is not a party to either action. The affirmative defense of lack of agency was pleaded.
The reported evidence indicates that at the time in question, Parker was driving a company car with his wife, father and three children as passengers and that the family was on theirwaytoarestaurantfor dinner. Parkerwasproceedingweston Somerville Avenue in Somerville, Massachusetts. At the area of the collision, Somerville Avenue consists of four travel lanes, two easterly and two westerly, with afifth lane for parking adjacent to the eastbound side. When Parker attempted to turn left heading for the restaurant’s driveway located on the eastbound side of Somerville Avenue, the vehicles collided.[2]
The trial judge found in favor of Howlett in both actions. Minute Man and Universal now claim to be aggrieved by the judge’s ruling on the effect of G.L.c.231, §85A in this matter. The statute provides:
In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be primafacie evidence that it was then being operated by and underthe control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in *149 the answer and proved by the defendant.
The effect of the statute is to make
evidence that a defendant is the registered owner of a motor vehicle prima fade evidence of a master-servant relationship between the defendant and the operator of the vehicle, and it imposes on the defendant the burden of proving the non-existence of that relationship. The statute does not change the substantive law of negligence, it simply states a rule of evidence.... The statute does not impair or modify the fundamental rights of a defendant, who is at liberty to overcome the prima fade evidence created by the statute by other evidence.’
Cheek v. Econo-Car Rental Sys. of Boston, Inc., 393 Mass. 660, 662-663 (1985), quoting from Smith v. Freedman, 268 Mass. 38, 41 (1929). Such statutory primafacie evidence consistsofarebuttable presumption andan inference. Evidence tendingto negate the presumption destroys the presumption, but the inference remains. Commonwealth v. Johnson, 410 Mass. 199, 210 (1991). See also, PJ. LIACOS, MASSACHUSETTS EVIDENCE 54 (5th Ed. 1981). Therefore, once evidence is introduced to rebut the G.Lc. 231, §85A presumption, such evidence and the remaining inference create a question of fact as to whether the vehicle is being operated by and under the control of a person for whose conduct the owner is legally responsible. Cheek v. Econo-Car Rental Sys. of Boston, Inc., supra at 662.
The trial court, however, erroneously ruled that G.Lc. 231, §85A created an irrebuttable presumption which required a finding as a matter of law that the owner, Minute Man, was legally responsible for the acts of Parker. In the Howlett action, defendant-Minute Man filed the following request for ruling:
The evidence warrants a finding that the acts complained of by the plaintiff (Howlett) were committed by a person for whose conduct the defendant (Minute Man) is not responsible.
Denied, See G.Lc. 231, §85A.
Minute Man’s request sought a ruling that evidence to rebut the presumption created by G.Lc. 231, §85A was introduced so as to eliminate the statutory presumption, and permit afinding that the owner was not legally responsible for the operator’s conduct
The effect of the court’s denial of this request was a ruling of law that no such evidence was introduced. As evidence that Parker was driving his family to a restaurant after business hours was introduced, the court’s denial of Minute Man’s request was error.
Similarly, in its action against Howlett, Universal filed the following request for ruling of law:
The evidence warrants a finding that since the plaintiffs motor vehicle was being operated under a bailment any negligence in the operation of the plaintiffs vehicle would not be imputed to the plaintiff.
Denied, as being inapplicable to my findings because I find there was no bailment
As the court’s ruling was clearly predicated on its misinterpretation of G.Lc. 231, §85A and its resulting findings, the denial of Universal’s request was error.
Accordingly, the judgment for Howlett in both cases is hereby vacated and the consolidated actions are returned to the Framingham Division for a new trial.
So ordered.

A1 though the report indicates that the cars collided in the middle of the westbound lane, both counsel at argument agreed that this is erroneous. The Appellate Division “cannot consider other alleged facts which the parties have attempted to add to the record by stipulation to which no assent of the trial judge appears.” Staples v. Collins, 321 Mass. 449, 450 (1947). "The actual report as distinguished from the draft report is the report of the judge.” Perry v. Hanover, 314 Mass. 167, 168 (1943). However, the actual location of the collision is not pertinent to our decision.