## COMMONWEALTH *vs.* WILFREDO DELGADO.

No. 99-P-1411.

Middlesex. March 13, 2001. - May 24, 2001.

Present: GREENBERG, BECK, & COWIN, JJ.

*Controlled Substances. Evidence,* Expert opinion, Relevancy and materiality. *Witness,* Police officer.

Although testimony at a criminal trial by a police officer, qualified as an expert, that — in light of sixteen packets of heroin found on the defendant — the defendant "would be a distributor of heroin" constituted an opinion regarding the defendant's guilt, there was no error in the admission of the witness's testimony, where the expert witness acquiesced in the judge's reformulation of the testimony as an opinion that possession of a quantity of heroin "would be consistent with somebody who might be distributing" and where, given the testimony of an eyewitness, the expert's affirmation of what the jury was likely to conclude on its own made little difference. [662-664]

This court cautioned that, in drug cases in which narcotics investigators are used to testify as experts, the expert testimony should be explanatory and should not be presented in conclusory form indicating that a defendant did or did not commit a particular offense. [664-665]

At the trial of an indictment for possession with intent to distribute in which the sole defense was that the narcotics in question were possessed for the defendant's own use, the judge acted within his discretion in excluding evidence that the defendant had made attempts to rehabilitate himself, but that such attempts had failed, where the evidence the defendant attempted to introduce did not have a "rational tendency to prove an issue in the case" or make a "desired inference more probable than it would have been without" the evidence. [665-666]

INDICTMENTS found and returned in the Superior Court Department on October 1, 1997.

The cases were tried before *James D. McDaniel, Jr.,* J.

*Katherine M. Schelong* for the defendant.

*Marc E. Canner,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant was indicted for distribution of

heroin in violation of G. L. c. 94C, § 32, and for a second or subsequent offense in violation of G. L. c. 94C, § 32(b). He was convicted by a jury of the distribution offense. After a waiver of his right to a jury trial on the charge of a second or subsequent offense, the defendant was convicted of that offense in a trial before the judge. The defendant appeals on two grounds: (a) that it was error to admit expert testimony identifying him as a drug distributor; and (b) that it was error to exclude evidence regarding his unsuccessful attempts at drug rehabilitation.[1] We affirm the convictions.

There was testimony by one Steven Kretchman that on August 4, 1997, he and his girlfriend were present at the Tavern at the Bridge restaurant in Lowell. Kretchman observed four men, one of whom was the defendant, in a group in the parking lot outside of the restaurant. He witnessed the defendant remove from his pocket what appeared to be an aspirin bottle; take from the bottle a piece of cellophane containing a white substance; and give the white substance to another member of the group in return for money. The police were called. The defendant was searched, and there was found, among other items, a plastic white container inside of which was a clear plastic bag containing sixteen small packets. The contents of the sixteen small packets were subsequently tested and determined to be heroin. In addition, $120 in cash was found on the defendant.

1. *Expert testimony.* Lowell police Officer John Finn, a member of the Lowell police department's special investigations unit, provided expert testimony on the subject of narcotics sales in the greater Lowell area. He testified that the packets seized from the defendant were packaged in a way consistent with the way in which heroin was normally packaged for street sales. He testified further that hand-to-hand heroin sales usually involved between one and ten bags, with each bag selling for between eight and ten dollars.

On direct examination, Officer Finn was asked whether he placed "any significance on the fact that during a narcotics arrest sixteen packets of heroin were found on an individual alleged to have been conducting narcotics sales." The judge over-

---

[1]The defendant's pretrial motion to suppress was denied. The defendant has not appealed from that ruling.

ruled the defendant's objection, and the witness responded, "A person who would have that much heroin on him, I would believe would be a distributor of heroin." The judge interrupted at this point: "I take it by that you mean that would be consistent with somebody who might be distributing, correct?" The witness responded in the affirmative. The defendant asserts that the witness's substantive answer constituted an impermissible expression of opinion that the defendant had in fact committed a crime. The defendant further submits that the judge's alteration of the semantics of the answer compounded the prejudicial effect of the opinion by reiterating it in a fashion which magnified its impact.[2]

The use of narcotics investigators to testify as experts in drug cases has been consistently upheld. *Commonwealth* v. *Johnson*, 413 Mass. 598, 604 (1992). The admission of such evidence is largely within the discretion of the trial judge. *Ibid.* "An expert may not, however, offer an opinion as to the defendant's innocence or guilt." *Commonwealth* v. *Woods*, 419 Mass. 366, 375 (1995). Where a police officer was permitted to testify from his observations that the defendant was involved in a drug sale, that testimony effectively provided expert opinion that the defendant was guilty of the crimes charged. See *ibid.* "Such expert opinion testimony was unnecessary and impermissibly intruded on the jury's vital fact finding function." *Ibid.*

Here, the statement by Officer Finn that — in light of the sixteen packets found on the defendant — the defendant "would be a distributor of heroin" constituted an opinion regarding the defendant's guilt. It was accordingly improper. Rather than striking the answer, the judge transformed the answer into a statement that satisfied existing rules of evidence on the subject — specifically, an opinion that possession of such a quantity of heroin "would be consistent with somebody who might be distributing." The witness acquiesced in this reformulation. There was no error.

---

[2]The defendant also contends that the erroneous admission of, and emphasis given to, the expert opinion exacerbated the effect of the other claimed error, i.e., the exclusion of evidence regarding his attempted drug rehabilitation. See *infra* at 665.

The judge did not have to sit mute when an improper, but correctable, statement was made by the expert witness. A police officer who is experienced with the narcotics trade may be permitted to express an opinion that the amount of a substance possessed by the defendant was *consistent with* an intent to distribute. *Commonwealth* v. *Johnson*, 410 Mass. 199, 202 (1991). *Commonwealth* v. *Woods, supra* at 375 n.13. Consequently, the judge was justified in placing before the jury a version of the expert's opinion that was couched in acceptable terms. While in retrospect it might have been better practice to strike the improper response and instruct the jury to disregard it,[3] it was within the judge's discretion to handle the situation as he did. The defendant cannot complain that the jury received a properly phrased, otherwise admissible, opinion.

Furthermore, even had there been error with respect to the handling of this answer, such error would clearly have been harmless. An eyewitness observed the defendant remove something from a bottle and give it to another person in return for money. The contents of the bottle were subsequently determined to be heroin. Indeed, the defendant admitted that fact. Given the testimony of the eyewitness, the expert's affirmation of what the jury was likely to conclude on its own made little difference.

Nevertheless, we are constrained to observe again that "the mere use of the 'consistent with' formulation should not amount to a sure safe harbor for prosecutors." *Commonwealth* v. *Tanner*, 45 Mass. App. Ct. 576, 581 (1998). In *Tanner*, we observed that the semantic difference between a witness stating that he observed a drug transaction, and stating that he observed actions that were "consistent with" a drug transaction, is likely to be lost upon the jury. *Ibid.* In addition, permitting a witness to characterize certain facts as consistent with the commission of a crime comes perilously close to permitting the witness to argue the significance of those facts, thereby invading the province of the jury. We urge again that expert testimony should be *explanatory.* "In assessing whether expert evidence strays

---

[3]It should be noted that these specific actions were not requested by the defendant, although he did object unsuccessfully to the question that elicited the improper answer.

over the line in cases such as this, in the end the sole touchstone should not be whether a witness uses any particular figure of speech." *Ibid.* The evidence should not be presented in conclusory form indicating that a defendant did or did not commit a particular offense. *Ibid.*

2. *Evidence of personal use.* The defendant's sole defense to the charge of possession with intent to distribute was that he possessed the narcotics in question only for his own use. In support thereof, the defendant sought to introduce evidence that he had made attempts to rehabilitate himself, but that such attempts had failed. The judge excluded the proffered evidence regarding the defendant's rehabilitation efforts. It was within his discretion to do so.

The fact that the defendant may have been a drug user does not preclude a finding that he distributed these particular narcotics on the date in question. The defendant testified that he was a drug addict. While the jury could credit that assertion, the defendant's personal drug habit casts little light, if any, upon whether he also sold drugs, at least on the occasion for which he was charged. Evidence of a failed rehabilitation attempt is even more remote insofar as its probative value is concerned.

This does not mean that evidence regarding the existence or the absence of personal drug use will never be admissible. There may well be occasions on which evidence of personal drug use has a meaningful bearing upon the likelihood that a defendant is a distributor. Likewise, defendant's disclaimer of personal drug use would warrant a conclusion that his possession of a controlled substance was for the purpose of distribution. *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 614 (1976). Here, however, the defendant's claimed use establishes neither that he was a distributor nor that he was not a distributor.[4] The evidence sought to be introduced did not have a "rational tendency to prove an issue in the case" or make a "desired inference more probable than it would have been without" the

---

[4]The fact that the eyewitness observed the defendant transfer narcotics to another individual in return for cash does not strengthen his contention that evidence of his personal drug use is meaningful.

evidence. *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 83 (1989) (citations omitted).

*Judgments affirmed.*