Following a jury trial in Superior Court, the defendant, Jeffrey J. Renzi, was convicted of possessing heroin with intent to distribute, subsequent offense, and of doing so in a drug-free park zone. On appeal, the defendant argues that the judge erred in denying his motion for a required finding of not guilty as the Commonwealth failed to provide sufficient evidence of intent to distribute. We affirm.
Discussion. Under the well-known Latimore standard, the jury could have found the following facts. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). On December 31, 2014, Sergeant Glen Decker, along with Officers Randy Wendling and Dave Kirchner, witnessed the defendant exchange something with another individual. Suspecting a drug transaction, Officers Wendling and Kirchner approached the defendant and identified themselves as police officers. The defendant fled, tossing away what were later determined to be bundles of heroin. In total, ninety-five packets of heroin were recovered. The heroin weighed a total of 18.6 grams, and was packaged in "one size of five bundles which would be [fifty] bags," another block "banded the same way, [forty], which would be four bundles," three bags banded together, and three loose bags. Officer Wendling arrested the defendant and confiscated $120 in cash from him. The money consisted of eight five-dollar bills and four twenty-dollar bills. The defendant was also found with a cellular telephone. The defendant did not have any items indicative of personal drug use such as needles, spoons, or the like.
Detective John Mazzeo testified as an expert in narcotics on behalf of the Commonwealth.[2] He testified that in his experience a user would possess drug paraphernalia and would only have enough money for one day's use, which is approximately one bundle or ten bags of heroin. In fact, in all of his years as a narcotics officer, he had never encountered a user who possessed ninety-five packets at one time for personal use. Detective Mazzeo also testified that the denominations of cash found on the defendant were consistent with the change that narcotics dealers would make in drug transactions. Detective Mazzeo opined that the defendant's possession of heroin was consistent with distribution rather than personal use.
A "defendant's intent to distribute a controlled substance 'is a matter of fact, which may not be susceptible of proof by direct evidence.' " Commonwealth v. Rivera, 425 Mass. 633, 648 (1997), quoting from Commonwealth v. Ellis, 356 Mass. 574, 578-579 (1970). Plus factors that are probative of intent to distribute are "distinctive packaging indicative or suggestive of distribution; possession of large quantities of drugs; the presence of implements or paraphernalia indicative of the drug trade; and the 'presence of cash in combination with pagers or other accoutrements of the drug trade' found on the defendant." Commonwealth v. Acosta, 81 Mass. App. Ct. 836, 841 (2012), quoting from Commonwealth v. Montalvo, 76 Mass. App. Ct. 319, 327 (2010).
Standing alone, the quantity and packaging of the heroin may have been sufficient to demonstrate intent to distribute. Compare Commonwealth v. Johnson, 410 Mass. 199, 200 (1991) (seventy-one individually packaged bags of cocaine). There was evidence that heroin is sold in bundles of ten, and here the defendant possessed nine such bundles. See Commonwealth v. Davis, 376 Mass. 777, 788-789 (1978). When the evidence is viewed in totality-including the amount and packaging of the heroin, the cellular telephone, the cash, the lack of user paraphernalia, and the defendant's flight and disposal of the drugs when approached by the police-it was sufficient to prove that the defendant possessed heroin with the intent to distribute. See Acosta, supra.
Judgments affirmed.

A narcotics officer, if qualified as an expert, is permitted to "testify that in his opinion the amount of [drugs] possessed by the defendant was not consistent with personal use but was consistent with an intent to distribute." Commonwealth v. Little, 453 Mass. 766, 769 (2009), quoting from Commonwealth v. Johnson, 410 Mass. 199, 202 (1991).