The defendant, Luis Medina, appeals from his conviction of trafficking in a controlled substance (cocaine). G. L. c. 94C, § 32E(b ). We discern in the defendant's various claims of error no cause to disturb the judgment, and affirm.
The defendant contends that the Commonwealth failed to present sufficient evidence that the defendant had knowledge and control of the substance found in a secreted hide in the vehicle he was driving. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017), citing Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
The trooper's discovery of the secreted cocaine in the vehicle driven by the defendant, without more, would not have been sufficient to prove the defendant's knowledge and control over the substance. In the present case, however, additional factors, considered in context, combine to support an inference that the defendant possessed both knowledge and control over the drugs and cash found in the hide.
The vehicle was registered in the name of a friend from whom the defendant claimed to have borrowed it while the friend was away in Puerto Rico. The defendant's exclusive and continuous use of the vehicle while his friend was in Puerto Rico supported the inference that he, rather than the friend, possessed the drugs and cash found in the hide. The hide contained an excess of $1,160 in contraband and cash,[3] and the jury could reasonably have inferred that someone would not have lent their vehicle and gone to Puerto Rico with that amount of contraband and money still hidden inside.[4] See Commonwealth v. Sinforoso, 434 Mass. 320, 329 n.6 (2001).
Moreover, the trooper also detected a very strong scent of air fresheners from within the vehicle, suggesting (based on the trooper's experience) that they were being used to mask the scent of contraband from drug sniffing canines. The present strong scent of air fresheners supports an inference that they were currently being (or had very recently been) used for that purpose, further reducing the likelihood that the defendant's friend had secreted the drugs and cash in the hide before lending the vehicle to the defendant and leaving for Puerto Rico, without informing the defendant of the presence and contents of the hide. Considered together, and in further combination with the defendant's nervousness, and his evasive and inconsistent statements about where he was going and from where he was coming, these factors were sufficient to support an inference that the defendant had knowledge and control of the contraband and cash recovered from the hide.
The defendant also contends that the primary chemist's testimony reciting, according to the defendant, the contents of the certificates of analysis was inadmissible hearsay. The defendant mischaracterizes the chemist's testimony. The chemist testified that after conducting definitive tests on the unknown substance in the thirteen bags seized from the hide, he found the substance to be cocaine. The certificates of analysis, which contained the complete results of all tests, including those performed by a second chemist, were not admitted in evidence. The primary chemist only referred to the certificates to refresh his recollection. His testimony did not refer to the second chemist's opinion, but was based the tests he conducted and his own conclusions. This was not hearsay. The jury could reasonably have inferred that the primary chemist meant his own determination, not the second chemist's, when he said the substance was found to contain cocaine. Thus, the primary chemist's testimony was not hearsay, and its admission was not error. See Commonwealth v. Johnson, 410 Mass. 199, 202 (1991).
The defendant assigns error to the prosecutor's statement during closing argument that the substance was "without a doubt" cocaine. Because the defendant did not object to the statement in the closing argument, he is entitled to relief only if the statement was improper and created a substantial risk of a miscarriage of justice. See Commonwealth v. Staines, 441 Mass. 521, 535 (2004). In order to determine whether remarks made by the prosecutor during closing argument are improper, the court considers the remarks "in light of the entire argument, the judge's instructions, and the evidence at trial." Commonwealth v. Burns, 49 Mass. App. Ct. 677, 679 (2000). Contrary to the defendant's contention, the prosecutor's statement was grounded in evidence elicited during the primary chemist's testimony that, based on his definitive testing, the substance was cocaine. The prosecutor's statement that the substance was "without a doubt" cocaine was a reasonable inference the jury could have properly drawn from the evidence at trial. At most the prosecutor's remark was a minor misstatement and the trial judge's instructions to the jury would have mitigated any prejudice that could have arisen. See Commonwealth v. Maynard, 436 Mass. 558, 571 (2002).
The trial judge's decision to admit two of the defendant's defaults was not prejudicial, as the defendant contends. Evidence of flight may be admitted at trial to suggest consciousness of guilt. See Commonwealth v. Booker, 386 Mass. 466, 469 (1982). There was no abuse of discretion in the judge's finding that the probative value of the defendant's defaults outweighed the risk of unfair prejudice, particularly where the Commonwealth provided sufficient evidence of the defendant's knowledge of the court dates. The judge's instructions to the jury that they were not required to draw inferences of guilt from the defendant's defaults unless supported by all the evidence, that innocent reasons for the defaults may exist, and that evidence of consciousness of guilt is not sufficient by itself to convict the defendant, all combined to diminish any prejudice caused by the admission of the defaults.
Finally, the trial judge properly allowed the defendant's trial to proceed to a jury after conducting a thorough colloquy with the defendant, where the defendant made an informed decision and withdrew his previous written waiver of his right to a jury trial. Furthermore, unlike the right to a jury trial, the defendant does not have a constitutional right to a trial without a jury. See Commonwealth v. Francis, 450 Mass. 132, 134 (2007), citing Singer v. United States, 380 U.S. 24, 26 (1965).
Judgment affirmed.

Based on the amounts and prices of cocaine sold in 2001.

The jury also could have inferred, based on the testimony of a different trooper, that the defendant owned the vehicle himself, despite its registration in the name of another person, because the amount of cocaine was consistent with distribution and it is common for drug dealers to register their vehicles in others' names to avoid detection by law enforcement.