Agnes, Peter W., J.

*246
1. FACTUAL BACKGROUND

This civil action arises from a motor vehicle accident involving a van operated by defendant Jessica Rodriguez. Plaintiffs allege that plaintiffs decedent, David Fantasia, was a passenger in the van and suffered fatal injuries as a result of Ms. Rodriguez’s negligence. It is undisputed that at the time of the accident, the van was owned by and registered in the name of defendant LAI Trust and leased by Kiessling Transit under a long-term lease agreement.
It is also undisputed that since its formation, LAI Trust has been in the business of leasing motor vehicles, and it currently leases approximately 10,500 vehicles to over 2,000 customers. Plaintiffs do not allege any negligence or criminal wrongdoing by LAI Trust.

II. DISCUSSION

A.Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving parly to judgment. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing parly has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

B.Prima Facie Evidence of Control Based on Ownership

Plaintiffs’ case against LAI Trust is based solely on the allegation that Ms. Rodriguez was acting as LAI Trust’s agent at the time of the accident and that LAI Trust is therefore legally responsible for Ms. Rodriguez’s alleged negligence. Plaintiffs concede that the only basis for this allegation of agency relationship is found in G.L.c. 231, §85A, which provides:
In all actions to recover damages for injuries to the person or to property . . . arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.
G.L.c. 231, §85A.
In absence of any evidence that a master-servant relationship did not exist between the driver of a vehicle and the registered owner of that vehicle, a plaintiff is entitled to a ruling that any negligence of a driver is to be imputed to the owner. Cheek v. EconoCar Rental Systems of Boston, Inc., 393 Mass. 660, 662 (1985). However, where such evidence is introduced, the existence or nonexistence of a master-servant relationship becomes a question of fact. Id. This is because under Massachusetts evidence law, the prima facie effect of certain evidence (in this case ownership) operates to create a dispute over material facts (in this case control) even when evidence to the contrary is introduced. It is not a function of a judge to act as a fact finder by evaluating the weight of the evidence or credibility of witnesses. Attorney Gen. v. Brown, 400 Mass. 826, 832 (1987). Thus, G.L.c. 231, §85A precludes the grant of summary judgment in favor of the owner of the vehicle involved in an accident or collision. [1]
In the case at bar, evidence submitted by LAI Trust to negate the existence of agency relationship between LAI Trust and Ms. Rodriguez, has to be weighted against the prima facie evidence created by the statute. This is a question of fact for a fact finder to decide. Therefore, summary judgment cannot be properly issued.

C.Applicability of G.L.c. 231, §85A in Light of 49 U.S.C. §30106

The Federal statute enacted by Congress in August of 2005 provides in relevant part:
(a) In general. An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
1. the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
2. there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
49 U.S.C. §30106(a)(l)-(2).[2]
The clear language of this Federal statute indicates that, when applicable, it expressly preempts State law that imposes liability on owners of motor vehicles engaged in business of leasing or renting such vehicles simply due to ownership. Thus, the Federal statute expressly preempts application of G.L.c. 231, §85Ato owners of motor vehicles who satisfy two conditions set forth in the statute.
LAI Trust satisfies both of the conditions above. First, it is undisputed that LAI Trust was engaged in *247 the business of leasing motor vehicles. The record indicates that at the time of the accident, it was leasing approximately 10,500 vehicles to over 2,000 customers. Next, there is no allegation of negligence or criminal wrongdoing.
The only basis for LAI Trust’s possible liability to Plaintiffs is its ownership of the vehicle involved in the accident. There has been no evidence proffered to show that Ms. Rodriguez was under the direction or control of LAI Trust at the time of the accident or at any other time. Thus, the Federal statute is applicable to these circumstances and requires a summary judgment in favor of LAI Trust.

ORDER

For the reason set forth above, the defendant LAI Trust’s motion for summary judgment is ALLOWED.

In the past, this Court has expressed different views about the effect of G.L.c. 231, §85A on the defendant’s ability to secure summary judgment when there is affirmative evidence offered that the registered owner did not exercise control over the driver. Compare Censullo v. Ruebenstein, Civil Action No. 05-0054 (Dec. 1, 2006) (Borenstein, J.) (summary judgment may be granted despite §85A), with St. Pierre v. Penske Truck Leasing Corp., Civil Action No. 00-4805 (Dec. 13, 2001) (Gants, J.) [14 Mass. L. Rptr. 149] (§85A precludes the possibility of allowing a motion for summary judgment). I think the result in St. Pierre is more consonant with Massachusetts law on the effect of prima facie evidence.

This Court is aware of the trial court in New York decision declaring 49 U.S.C. §30106 unconstitutional as in excess of the powers granted to the Congress under the Commerce Clause of the Constitution of the United States. Graham v. Dunkley, 827 N.Y.S.2d 513, 514 (N.Y.Sup.Ct. 2006). That issue was not raised in the present case as a defense to this motion for summary judgment. In view of this and the absence of any evidence in the present case indicating that the defendant in question exercised any control over the driver of the vehicle, it is not appropriate to consider the constitutional issue.